Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>**1. Violation of Fair Credit Reporting Act**<br>**2. Violation of California Rosenthal Fair Debt Collection Practices Act** |

Plaintiff, Denise Miller, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Kern, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, First National Bank ("First National") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

5. At all times pertinent hereto, Defendant First National is a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant First National was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

7. Defendant First National is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Kern County, California and Defendants do business in California.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants First National and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. After reviewing Plaintiff's Experian credit report, Plaintiff discovered the First National account# 413952010115…. (the "Account") being reported in error.

21. First National double reports the one Account.

22. The false information regarding the erroneous Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

## PLAINTIFF'S WRITTEN DISPUTE

23. On or about May 25, 2023, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

24. On or about May 25, 2023, Plaintiff sent a written dispute to Equifax Information Services LLC disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

25. On or about May 25, 2023, Plaintiff sent a written dispute to TransUnion, LLC disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

26. Equifax and TransUnion deleted the duplicate reporting of the Account.

27. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant First National.

28. Upon information and belief, First National received notification of Plaintiff's Experian Dispute from Experian.

29. Upon information and belief, First National verified the erroneous information associated with the Account.

30. First National failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

32. Upon information and belief, First National failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

33. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Experian

Dispute.

34. At no point after receiving the Experian Dispute did First National and Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

35. Experian relied on their own judgment and the information provided to them by First National rather than grant credence to the information provided by Plaintiff.

36. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

**COUNT I – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

37. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

38. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

39. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Defendant Experian was negligent, entitled Plaintiff to

recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## **COUNT II – EXPERIAN**

## **FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

44. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

45. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

46. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

47. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**<u>COUNT V – FIRST NATIONAL</u>**

**<u>Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)</u>**

51. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

52. After receiving the Experian Dispute, First National failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

53. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant First National's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant First National's representations to consumer credit reporting agencies, among other unlawful conduct.

54. As a result of this conduct, action, and inaction of Defendant First National, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant First National's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant First National was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant First National pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT VI – First National**

**Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17**

58. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

59. First National violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;
B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against First National for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

A. Adjudging that First National violated Cal. Civ. Code § 1788.17;
B. Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted September 7, 2023.

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff